IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV582-1-MU

| | |
|---|---|
| WILLIAM HENRY COLEMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court upon Petitioner's Hazel-Atlas Motion, filed December 17, 2008.

On March 26, 1996, Petitioner was convicted by a jury of unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). On January 23, 1997, the Court found that Petitioner was an armed career criminal pursuant to 18 U.S.C. § 924(e) and sentenced Petitioner to a 210-month term of imprisonment. Petitioner appealed his conviction to the United States Court of Appeals for the Fourth Circuit Court, raising numerous claims, including an allegation that the Court erroneously applied the armed career criminal statute. On March 18, 1999, the Fourth Circuit rejected all of Petitioner's claims and affirmed his conviction and sentence. United States v. Coleman, 175 F.3d 1016 (4th Cir. Mar. 18, 1999) (per curiam). Petitioner's subsequent writ of certiorari was denied by the Supreme Court on October 18, 1999.

On January 26, 2000, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. On June 28, 2001, Judge Boyle granted summary judgment for the

Government and dismissed Petitioner's motion. On January 28, 2002, the Fourth Circuit denied Petitioner's request for a certificate of appealability. Three months later, Petitioner filed a motion in the Fourth Circuit seeking permission to file a successive habeas petition. The Fourth Circuit denied Petitioner motion on March 15, 2005.

Undeterred, on August 5, 2005, Petitioner filed a Motion for Relief from Judgment followed by a Notice of Supplemental Authority on August 24, 2005, and a Motion to Expedite Rule on November 14, 2005. Petitioner argued that the Fourth Circuit improperly upheld his sentence enhancement as an armed career criminal pursuant to 18 U.S.C. § 924(e) claiming that one of the three predicate offenses for his armed career offender status was an offense for which his civil rights had been restored and therefore could not be used in imposing the sentence enhancement. Defendant also alleged prosecutorial misconduct during the direct appeal to the Fourth Circuit claiming that the prosecutor improperly argued to the Fourth Circuit that he possessed a gun at the time of a 1993 arrest, as a means of bolstering the trial court's decision to sentence him as an armed career criminal. Petitioner argued that such argument was improper because the prosecutor never presented evidence of his firearm possession during proceedings in the trial court. Judge Boyle concluded that Petitioner's motion was a successive petition which he was without jurisdiction to entertain without authorization from the Fourth Circuit Court of Appeals.

Petitioner then again sought permission from the Fourth Circuit to file a successive habeas petition. On April 20, 2006, the Fourth Circuit once again denied Petitioner permission to file a successive petition.

On August 17, 2007, Petitioner filed a Writ of Audita Querela arguing that such a filing

was appropriate because relief was not available to him under 28 U.S.C. §§ 2255 or 2241. Petitioner argued that he would have been afforded relief pursuant to his § 2255 motion filed January 30, 1997, "if the ruling would have been render[ed] fairly and legally." Petitioner proceeded to again challenge the use of one of his prior convictions for purposes of armed career criminal status. Petitioner also asserted that during the direct review process, the Government improperly argued that Petitioner possessed a gun at the time of his 1993 arrest as a means of bolstering Judge Boyle's decision to sentence Petitioner as an armed career criminal. Petitioner contended that such argument was improper because the prosecutor never presented evidence that Petitioner possessed a firearm in the district court.

Petitioner now comes before this Court asserting that he is entitled to relief from his criminal judgment because he can establish that his judgment was obtained based on fraud upon the court. Citing to the Supreme Court case of Hazel-Atlas Glass Co. V. Hartford-Empire Co., 322 U.S. 238 (1944), Petitioner asserts that the instant motion is an independent action separate and apart from his motions pursuant to § 2255.

Federal courts possess the inherent authority to, among other things, vacate a judgment due to fraud upon the court. See United States v. Moussaoui, 483 F.3d 220, 236-37 (4th Cir. 2007)(citing Hazel-Atlas Glass Co. V. Hartford-Empire Co., 322 U.S. 238 (1944)). However, "because of their very potency, inherent powers must be exercised with restraint and discretion." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). A plaintiff in a Hazel-Atlas motion must prove by clear and convincing evidence the existence of a "deliberately planned and carefully executed scheme to defraud" the court. Hazel-Atlas, 322 U.S. at 245-46. Relief is granted in only the "most egregious cases such as with bribery of a judge or juror, or improper influence

exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged." See Great Coastal Express, Inc. v. Int'l Bd. of Teamsters, 657 F.2d 1349 1356 (4th Cir. 1982).

In the instant case, Petitioner alleges that the prosecutor in his criminal case "deliberately disregarded the known material truth already established in the United States District Court of Judge Terrence Boyle." More specifically, Petitioner alleges that the prosecutor "represented-directly at the court himself Government testimony that was known by him to be false." Petitioner asserts that the prosecutor's "position or theory concerning the 18 U.S.C. § 924(e) enhancement, was a totally invented fraud with no valid law, which contained many falsehoods and misrepresentation of facts-fraudulent concealment of facts, intended to deceive the Court's and have the Court's rely upon the carefully executed Fraudulent scheme." Petitioner asserts that the prosecutor incorrectly stated that Petitioner was indicted in a 1993 state case and that such misrepresentation impacted the determination that Petitioner was an armed career criminal. Petitioner argues that the intent of the prosecutor to defraud is evidenced by the prosecutor's change in argument contained in his appellate brief.

A review of the record in this case reveals that Petitioner's allegation of intentional fraud is unsubstantiated. It is not clear to the Court that the prosecutor changed his argument on appeal but even if he did such a tactic does not provide the clear and convincing evidence necessary to establish a Hazel-Atlas claim. In addition, the Court notes that the issue of the correctness of the armed career criminal classification was affirmed on appeal. Interestingly, although the alleged

fraudulent facts (he was not indicted in the 1993 state case and he never possessed a firearm)[1] must have been known by Petitioner, it does not appear that he raised them in his arguments at sentencing or on appeal. In conclusion, this Court finds that there is a complete lack of evidence supporting the existence of a "deliberately planned and carefully executed scheme to defraud" the court. As such, Petitioner's Hazel-Atlas Motion is dismissed.

**THEREFORE, IT IS HEREBY ORDERED that** Petitioner's Hazel-Atlas Motion is **DISMISSED.**

Signed: January 7, 2009

Graham C. Mullen
United States District Judge

---

[1] This Court takes judicial notice of the fact that Petitioner was arrested on September 4, 1993, for possession of a schedule II substance and that he was convicted of this offense on December 10, 1993. In addition, the Court notes that the possession of a firearm by an individual under indictment was a secondary argument that was not necessary to the determination that Petitioner was an armed career criminal.